# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS BLONG, <br><br> PLAINTIFF, <br><br> v. <br><br> OUR TOWN HOSPITALITY, LLC, <br><br> DEFENDANT. | Civil Action No. 22-cv-04040-GJP <br><br><br> JURY TRIAL DEMANDED |

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Thomas Blong, by and through his attorneys, Bell & Bell LLP, hereby files the following Amended Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages and other relief on behalf of Plaintiff Thomas Blong (hereinafter "Plaintiff" or "Mr. Blong"), a former employee of Our Town Hospitality, LLC (hereinafter "Our Town" or "Defendant"). Despite his loyalty and consistent performance, Mr. Blong was subjected to discrimination and harassment on the basis of his age and disability and/or perceived disability, culminating in his wrongful termination.

2. This action arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), the American with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States pursuant to 29 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled. On November 10, 2021, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC"). On July 13, 2022, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice. With respect to the PHRA claims alleged herein, it has been more than one year since Plaintiff dual-filed his Charge of Discrimination as a Complaint with the PHRC.

## VENUE

7. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

8. This action properly lies in the Eastern District of Pennsylvania because significant activities associated with the claims alleged took place in this jurisdiction and because Plaintiff was employed and terminated by Defendant in this jurisdiction.

## PARTIES

9. Plaintiff Thomas Blong is an adult male citizen and resident of Glenolden, Pennsylvania and the United States of America.

10. Mr. Blong is sixty-six (66) years old and within the class of individuals protected against discrimination by the ADEA.

11. At the time of his termination, Mr. Blong was sixty-five (65) years old.

12. Mr. Blong is a qualified individual with a disability within the meaning of the ADA.

13. Mr. Blong's disability affects a major bodily function and substantially limits one or more major life activities.

14. Mr. Blong's disability has affected him for a period far in excess of six months.

15. During his employment, Defendant regarded Mr. Blong as disabled.

16. Defendant Our Town Hospitality ("OTH") is a Virginia hotel management company for DoubleTree By Hilton ("DoubleTree"), with a place of business located at 4509 Island Avenue, Philadelphia, Pennsylvania 19153 (the "Philadelphia Airport Location"), where Plaintiff was employed, and a corporate headquarters at 306 South Henry Street, Suite 200, Williamsburg, Virginia 23185.

17. At all relevant times, Defendant is and has been an employer employing more than 100 employees.

18. At all relevant times, employees of Defendant acted as agents and servants for Defendant.

19. At all relevant times, employees of Defendant were acting within the scope of their authority and in the course of their employment under the direct control of Defendant.

20. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

21. At all relevant times hereto, Plaintiff was an "employee" of Defendant within the meanings of the laws at issue in this suit and is accordingly entitled to the protection of said laws.

22. At all relevant times hereto, Defendant was an "employer" and/or "person" under the laws at issue in this matter and is accordingly subject to the provisions of said laws.

23. This Honorable Court has personal jurisdiction over the Defendant.

**FACTS**

24. Plaintiff Thomas Blong began his employment with Defendant's predecessor approximately twenty-eight (28) years ago – on or about November 28, 1994.

25. Despite his dedication to his job and consistently excellent performance, Mr. Blong was wrongfully terminated due to persistent harassment and discrimination on the basis of his age and disability or perceived disability.

26. Mr. Blong's most recent position with Defendant was Chief Engineer.

27. During the pandemic, Defendant laid off and/or furloughed a number of employees.

28. Notably, when Defendant began rehiring and/or bringing these employees back once the pandemic had eased and restrictions had lifted, Defendant brought back its younger employees and did not rehire Mr. Blong's assistant, a man in his 70s.

29. In or about August 2020, Defendant promoted a younger individual, Dustin Ruiz, from the position of Director of Rooms to General Manager.

30. Mr. Ruiz and Defendant were aware of Mr. Blong's ongoing health issues, including his high blood pressure.

31. Immediately upon taking the position of General Manager, Mr. Ruiz made clear that he held a discriminatory animus against Mr. Blong on the basis of his age, disability and/or perceived disability.

32. Mr. Ruiz would not purchase any inventory of backup or emergency equipment or parts requested by Mr. Blong and/or would not provide approvals for Mr. Blong to make any such purchases.

33. Mr. Ruiz also constantly made comments to Mr. Blong that he was "getting too old for this" and frequently asked Mr. Blong when he was going to retire.

34. Mr. Ruiz questioned everything Mr. Blong did, implied that he was no longer capable of performing his job, and continuously told him that he should retire.

35. Mr. Ruiz would also frequently ask Mr. Blong when he was turning 65 because he needed to retire.

36. Mr. Ruiz's constant discriminatory and harassing comments made clear that he was attempting to force Mr. Blong to retire and/or resign from his employment with Defendant because of his age and disability and/or perceived disability.

37. Mr. Blong came home stressed and upset from work virtually every day from the severe and pervasive harassment from Mr. Ruiz.

38. In March 2021, Defendant asked Mr. Blong to retire, which Mr. Blong responded to by indicating that he did not want to and did not intend to retire.

39. Because Mr. Blong had no intention or desire to retire at that time, he did not sign documentation for retirement.

40. Notably, even though Mr. Blong did not want to retire, or agree to retire, or sign anything regarding any planned retirement, on March 3, 2021, he received an email from Defendant "confirming" his retirement.

41. In that email from Dustin Ruiz, General Manager, Mr. Ruiz thanked Mr. Blong for his twenty-six (26) years of commitment and dedication, stated that Mr. Blong would be missed by his team and colleagues, and thanked Mr. Blong for "listening to the direction we need to go for the future success of the hotel."

42. The email directed Mr. Blong to complete an exit plan.

43. In March 2021, Mr. Blong's blood pressure issues became exacerbated by the hostile work environment and persistent harassment from Mr. Ruiz.

44. Two months later, in May 2021, Defendant informed Mr. Blong that he was supposed to have retired.

45. Mr. Blong reminded Defendant that he never said that he was planning to retire - only that Defendant had asked him to do so.

46. In another instance of discrimination and harassment, when Mr. Blong was away during the Memorial Day weekend, a compressor broke.

47. Upon Mr. Blong's return, Mr. Ruiz screamed at him for not being there to fix the compressor.

48. In response, Mr. Blong noted that he would not have been able to fix the compressor even if he had not been away, since stores were closed for the holiday and Mr. Ruiz had consistently refused to allow Mr. Blong to purchase backup equipment or parts for emergency use.

49. Mr. Ruiz then asked Mr. Blong when he was going to retire because he needed to retire.

50. Almost immediately thereafter, Defendant called Mr. Blong into the office and informed him that his position was being eliminated.

51. Specifically, on June 2, 2021, Mr. Ruiz sent an email to Mr. Blong confirming that "as a company" the decision was made to eliminate the position of Chief Engineer effective June 16, 2021, despite Mr. Blong's 26 years of dedicated employment.

52. Mr. Ruiz thanked Mr. Blong for his years of service on behalf of Our Town and the Doubletree.

53. This termination caused Mr. Blong to suffer further deterioration of his disability and an exacerbation of the issues relating to his blood pressure.

54. Although Mr. Blong advised Defendant that his doctor directed him to stop working due to high blood pressure, at no time did Defendant offer any accommodation or any type of leave (paid or unpaid) for Mr. Blong's disability.

55. Accordingly, despite having been terminated, Mr. Blong was compelled to separate from Defendant shortly before his last scheduled day of work and provided notice of resignation from his employment on August 6, 2021 because he needed to be out of work for a period of time due to his disability.

56. Defendant claims that Mr. Blong was terminated due to alleged "performance issues."

57. However, Defendant had not raised any issues with Mr. Blong's performance during his employment.

58. In addition, Mr. Ruiz explicitly stated that Mr. Blong's position was being eliminated, allegedly necessitating Mr. Blong's termination.

59. Defendant's indecision as to its own alleged reason for Mr. Blong's termination makes clear that Mr. Blong's termination was due to Defendant's desire to force Mr. Blong to retire due to his age and disability or perceived disability.

60. Mr. Blong understands that his replacement, who performed his former job duties following his termination, is an individual significantly younger than Mr. Blong.

61. The alleged grounds for Mr. Blong's termination were pretext for discrimination.

62. The timing of Mr. Blong's termination, which occurred shortly after he rejected Defendant's request that he retire and his request for accommodation related to his blood pressure issues, and Defendant's unjustified grounds for his termination, indicates that Mr. Blong's termination was the result of discrimination on the basis of his age and disability and/or perceived disability.

63. Given his exemplary work performance during his employment with Defendant, Defendant's failure to even attempt to accommodate Mr. Blong's disability, the circumstances surrounding his termination, and Defendant's treatment of Mr. Blong leading up to his termination, Mr. Blong maintains that he was discriminated against and harassed on the basis of his age and disability and/or perceived disability and was terminated as a result of discrimination.

64. Mr. Blong has suffered mental anguish and severe emotional distress as a direct and proximate result of the actions and inactions of Defendant.

65. Defendant and its agents acted with the intent of causing or with reckless disregard for the probability that their actions would cause Mr. Blong severe emotional distress.

66. Mr. Blong has suffered financial losses, which include, among other things, lost wages, medical expenses, and an obligation for attorneys' fees and costs of bringing suit, as a direct and proximate result of the actions and inactions of Defendant.

## COUNT I
### The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

67. Plaintiff Thomas Blong repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

68. Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of the Americans with Disabilities Act.

69. In discriminating against and harassing Mr. Blong on the basis of his disability and/or because Defendant regarded Mr. Blong as disabled, Defendant violated the ADA.

70. Said violations were intentional and willful.

71. Said violations warrant the imposition of punitive damages.

72. As the direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Plaintiff Thomas Blong has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT II
### Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

73. Plaintiff Thomas Blong repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

74. Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of the ADEA.

75. Plaintiff is, and was at the time of his termination, over forty years of age, and an individual within the class protected by the Age Discrimination in Employment Act.

76. In discriminating against and harassing Mr. Blong because of his age, Defendant violated the Age Discrimination in Employment Act.

77. Defendant's violations were intentional and willful.

78. Defendant's willful violations of the ADEA warrant an award of liquidated damages.

79. As the direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act, Plaintiff Thomas Blong has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT III
### Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

80. Plaintiff Thomas Blong repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

81. Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of the Pennsylvania Human Relations Act.

82. In discriminating against and harassing Mr. Blong on the basis of his age and disability and/or because Defendant regarded Mr. Blong as disabled, Defendant violated the PHRA.

83. As the direct and proximate result of Defendant's violations of the Pennsylvania Human Relations Act, Plaintiff Thomas Blong has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

## PRAYER FOR RELIEF

84. Plaintiff Thomas Blong repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Thomas Blong respectfully requests that this Court enter judgment in his favor and against Defendant Our Town Hospitality, and Order:

   a. Appropriate equitable relief, including reinstatement or front pay;

   b. Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination, harassment, and wrongful termination;

   c. Defendant to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of Defendant's unlawful conduct;

   d. Defendant to pay Plaintiff punitive damages;

   e. Defendant to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

   f. Defendant to pay Plaintiff's costs of bringing this action, including, but not limited to, Plaintiff's attorneys' fees;

   g. Plaintiff be granted any and all other remedies available under the ADA, the ADEA, and the PHRA; and

   h. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff Thomas Blong hereby demands trial by jury as to all issues so triable.

                                                  BELL & BELL LLP

By:    */s/ Christopher A. Macey, Jr.*
         Christopher A. Macey, Jr., Esquire
         One Penn Center
         1617 JFK Blvd. – Suite 1254
         Philadelphia, PA 19103
         (215) 569-2285

         *Attorneys for Plaintiff Thomas Blong*

Dated: January 3, 2023